IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:20-CV-397 |
| | § | |
| 2.092 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND MARIA HELENA | § | |
| HINOJOSA-GARZA, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Alyssa Iglesias, Assistant United States Attorney on behalf of the United States, conferred via telephone on March 11, 2021 with Defendant Maria Elena Hinojosa-Garza, who confirmed that she and her sister, Eulalia Elma Hinojosa-Naranjo, were in agreement with this case management plan.

   The United States received and filed a Disclaimer for Ameida Salinas, Starr County Tax Assessor & Collector.[1] Subsequently, on January 4, 2021, the Court dismissed Ameida Salinas, Starr County Tax Assessor & Collector.[2]

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

3. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security,

---

[1] Dkt. Nos. 5 and 6.
[2] Dkt. No. 9.

for the taking of property, and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 USC 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F., tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that is had made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The United States will provide initial disclosures based on plans prior to the Executive Order issued by President Biden on January 20, 2021 ("Executive Order")[3] pursuant to Rule 26(a)(1)(A) prior to the Initial Pretrial and Scheduling Conference set for April 13, 2021.

10. **Describe the discovery plan proposed by the parties, including:**

    A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?

---

[3] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.

None.

B. **When and to whom the plaintiff anticipates it may send interrogatories?**

The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Maria Elena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00. Defendant, Maria Elena Hinojosa-Garza, advised that she and Eulalia Elma Hinojosa-Naranjo will not be appearing in Court proceedings or disputing just compensation or possession of the condemned tract. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

C. **When and to whom the defendant anticipates it may send interrogatories?**

Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo do not anticipate sending interrogatories in this action.

D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Maria Elena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00. Defendant Maria Elena Hinojosa-Garza, advised that she and Eulalia Elma Hinojosa-Naranjo will not be appearing in Court proceedings or disputing just compensation or possession of the condemned tract. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

E. **Of whom and by when the defendant anticipates taking oral depositions?**

Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo do not anticipate taking oral depositions in this action.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Maria Elena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00. Defendant Maria Elena Hinojosa-Garza, advised that she and Eulalia Elma Hinojosa-Naranjo will not be appearing in Court

proceedings or disputing just compensation or possession of the condemned tract. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants have the burden of proof regarding the issue of just compensation in this action. Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo do not anticipate taking expert depositions in this action.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo have expressed that should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, they will not be contesting the amount of just compensation as agreed by them in the signed Offer to Sell and have expressed they will not be designating experts. Therefore, United States does not anticipate deposing experts.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree to this plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The United States and Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo have been in communication since July 2020. The United States received signed offers to sell from Defendants, Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo dated January 2, 2021, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00.

    On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. No discovery has taken place to date. The United States is awaiting guidance on whether it will be allowed to proceed with this case. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

13. **State the date the planned discovery can reasonably be completed.**

    The parties anticipate that no discovery will be needed.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The United States received signed offers to sell from Defendants, Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00. Both wish to move forward with the acquisition of the land regardless of whether the United States is allowed to continue with its stated use to build wall/fence infrastructure.

    The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    From July 30, 2020 to December 7, 2020, United States Army Corps of Engineers (USACE) and Department of Justice (DOJ) were in contact with Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo regarding the subject condemnation.

    The United States received signed offers to sell from Defendants, Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, indicating their agreement with the United States' acquisition of the subject property for the amount of just compensation of $18,000.00.

    On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with his case.

    Defendant Maria Helena Hinojosa-Garza has advised that she and Defendant Eulalia Elma Hinojosa-Naranjo will not be appearing in Court proceedings or disputing just compensation or possession of the condemned tract to the United States. Maria Helena Hinojoa-Garza stated that she and her sister are not interested in the revestment of title regardless of whether the United States no longer proceeds with construction of infrastructure and would like to move forward with the sale of the subject tract. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The United States and Defendants, Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo, do not anticipate dispute resolution will be needed.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The United States and Defendants Maria Helena Hinojosa Garza and Eulalia Elma Hinojosa-Naranjo do not agree to this case being tried before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Parties have not made a demand for jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Defendant Maria Helena Hinojosa Garza, advised that she and Eulalia Elma Hinojosa-Naranjo will not be appearing in Court proceedings or disputing just compensation or possession of the condemned tract to the United States and that they seek only a ruling from this Court to disburse and close.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration.

    The United States consulted with Maria Helena Hinojoa-Garza, who stated that she and her sister are not interested in the revestment of title regardless of whether the United States no longer proceeds with construction of infrastructure and would like to move forward with the sale of the subject tract. The United States will proceed to add additional funds to the just compensation amount deposited with the Court and the parties will then seek a ruling from this Court to disburse and close.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:

**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

Attorney-in-Charge

**ALYSSA IGLESIAS**
Assistant United States Attorney
Southern District of Texas No.: 3610302
Florida Bar No.: 103383
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov

*PRO SE* DEFENDANTS:

1. Maria Helena Hinojosa-Garza
   Vidor, TX

2. Eulalia Hinojosa-Naranjo
   Roma, TX

        Respectfully submitted,

        **JENNIFER B. LOWERY**
        Acting United States Attorney
        Southern District of Texas

By:   *s/ Hilda M. Garcia Concepcion*
       **HILDA M. GARCIA CONCEPCION**
       Assistant United States Attorney
       Southern District of Texas No.3399716
       Puerto Rico Bar No. 15494
       1701 W. Bus. Highway 83, Suite 600
       McAllen, TX 78501
       Telephone:  (956) 618-8004
       Facsimile:  (956) 618-8016
       E-mail: Hilda.Garcia.Concepcion@usdoj.gov

       and

       **ALYSSA IGLESIAS**
       Assistant United States Attorney
       Southern District of Texas No.: 3610302
       Florida Bar No.: 103383
       1701 W. Bus. Highway 83, Suite 600

McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 2, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, and sent via regular mail to all parties.

By: s/ *Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney