United States District Court
Southern District of Texas
**ENTERED**
May 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:20-cv-00397 |
| 2.092 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; MARIA § | |
| HELENA HINOJOSA-GARZA; and § | |
| EULALIA ELMA HINOJOSA-NARANJO, § | |
| § | |
| Defendants. § | |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-1049,"[1] and determined that it warrants entry of this final judgment,[2] the Court **ORDERS**, **ADJUDGES**, and **DECREES** that:

The United States is granted the real property interest described below. For Tract RGV-RGC-1049, which is a 2.092-acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[3] the United States is granted a fee simple absolute interest subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; and reserving to Defendants Maria Helena Hinojosa-Garza and Eulalia Elma Hinojosa-Naranjo reasonable access to and from their lands lying between the Rio Grande River and the border barrier through opening(s) or

---

[1] Dkt. No. 18.
[2] Dkt. No. 19.
[3] Dkt. No. 1-1 at 5–11.

gate(s) in the border barrier depicted on the United States' Schedule E and map;[4] and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier. The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of eighteen thousand dollars ($18,000), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-1049, and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of December 22, 2020—the date the parties agree that the United States took title to the subject property[6]—shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $18,000 on deposit in the Court's registry,[7] in amounts payable as follows: $12,000, together with a two-third share of the total interest earned while on deposit, to Defendant Maria Helena Hinojosa-Garza; and $6,000, together with a one-third share of the total

---

[4] Dkt. No. 1-1 at 13–14.
[5] *See* 40 U.S.C. § 3116.
[6] Dkt. No. 18 at 2, ¶ 5.c.
[7] Dkt. Nos. 8, 17.

interest earned while on deposit, to Defendant Eulalia Hinojosa-Naranjo. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendants Maria Helena Hinojosa-Garza and Eulalia Hinojosa-Naranjo Gutierrez shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Maria Helena Hinojosa-Garza and Eulalia Hinojosa-Naranjo Gutierrez. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of May 2021.

_____
Micaela Alvarez
United States District Judge